UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-00161-GEB |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING REQUEST TO CHANGE DATE ON WHICH DEFENDANT COMMENCES SERVING HIS PRISON SENTENCE** |
| MANGAL GILL, | |
| Defendant. | |

On January 3, 2019, Defendant filed a request for an extension of time from January 7, 2019, to March 1, 2019, to begin the service of his federal prison sentence. Def."s Request, ECF 226. The United States opposes the request arguing: "[T]he Court lacks jurisdiction to modify the date for commencement of the term of imprisonment because more than 14 days have elapsed following the imposition of sentence [; and Defendant] has failed to show good cause to continue his surrender date where he scheduled an elective medical procedure to create the conflict with his self-surrender date." Gov't."s Opp. At 1:19-24. Defendant replies: "This Court has the total discretion and inherent authority to determine when the Defendant's sentence is to begin but does not have the authority to modify or resentence the Defendant unless from a Court of Appeals mandate or from some other federal authority." Def."s Reply, 3:4-8, ECF 229.

1

| | |
|---|---|
|1| Even assuming arguendo that the district court has discretion to modify the date for commencement of the term of imprisonment as Defendant argues, the judge does not exercise that discretion as Defendant requests. The United States is correct in what it states in its opposition: Defendant "Gill failed to provide any information to the Probation Officer concerning this medical issue despite the fact that Gill referenced other medical issues in his interview with Probation, even one dating back to the late 1970s, see ECF Nos. 136 & 160 ¶ 72, and despite the fact that Gill now claims he has been allegedly suffering from this ailment since at least early January 2018, which is well before his presentence interview. It appears that Gill scheduled this current surgery although he was aware of his obligation to begin his term of imprisonment on Monday, January 7, 2019, and he waited approximately 8-9 months to start receiving additional treatment for this issue (i.e., from early January 2018 until sometime in September 2018) rather than getting care earlier. A defendant's decision to create a conflict with his self-surrender date is not good cause to continue that date." Opp. At 2:26, 3:1-10. Therefore, the request is denied.|

Even assuming arguendo that the district court has discretion to modify the date for commencement of the term of imprisonment as Defendant argues, the judge does not exercise that discretion as Defendant requests. The United States is correct in what it states in its opposition: Defendant "Gill failed to provide any information to the Probation Officer concerning this medical issue despite the fact that Gill referenced other medical issues in his interview with Probation, even one dating back to the late 1970s, see ECF Nos. 136 & 160 ¶ 72, and despite the fact that Gill now claims he has been allegedly suffering from this ailment since at least early January 2018, which is well before his presentence interview. It appears that Gill scheduled this current surgery although he was aware of his obligation to begin his term of imprisonment on Monday, January 7, 2019, and he waited approximately 8-9 months to start receiving additional treatment for this issue (i.e., from early January 2018 until sometime in September 2018) rather than getting care earlier. A defendant's decision to create a conflict with his self-surrender date is not good cause to continue that date." Opp. At 2:26, 3:1-10. Therefore, the request is denied.

Dated: January 4, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge