UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MANGAL GILL,<br><br>　　　　Defendant. | No. 2:15-cr-00161-WBS<br><br><br>ORDER |

----oo0oo----

    Before the court is defendant Mangal Gill's Emergency Motion for Compassionate Release, which requests his release, or alternatively his placement on home confinement, under 18 U.S.C. § 3582(c)(1)(A)(i).  (Docket No. 266.)  A defendant may obtain such relief only through a motion by the Director of the Bureau of Prisons or upon the defendant's own motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

1

whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).

This administrative exhaustion requirement is mandatory.  See, e.g., United States v. Meron, No. 2:18-cr-209 KJM (E.D. Cal. Apr. 14, 2020) (citing United States v. Carver, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020)); United States v. Holden, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020); see also Gallo Cattle Co. v. U.S. Dep't of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court.").  Here, there is no indication that defendant has made any request to the Bureau of Prisons for his release or that he has exhausted his administrative remedies for any such request.[1]  Accordingly, the court will deny the motion.

IT IS THEREFORE ORDERED that defendant's motion (Docket No. 266) be, and the same hereby is, DENIED without prejudice to refiling after defendant has exhausted his administrative remedies with the Bureau of Prisons.

Dated:  May 21, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Defendant's family has apparently made a request for home confinement to the Bureau of Prisons, though § 3582(c)(1)(A)(i) requires that the defendant exhaust his administrative remedies.  Moreover, the family only recently made the request, as it is dated May 6, 2020, and defendant has not yet received a response.

2